Ex parte José Vega, etc., Petitioner and Appellant; Amado Capifali, Warden of the District Jail of Ponce, Respondent and Appellee.

No. 5185.  Argued April 4, 1934.—Decided April 10, 1934.

E. Colón Díaz and J. Ortiz Lecodet for appellant.  R. A. Gómez, Fiscal, for appellee.

Mr. Justice Wolf delivered the opinion of the court.

José Vega was charged with murder and arrested. He made an application to the District Court of Ponce for a writ of habeas corpus, setting up (a) that he had committed no offense; (b) that the posecuting attorney did not have suffi-cient evidence to justify the imprisonment; and (c) that the amount of the bail required was excessive.

The district court reduced the amount of the bail and denied the writ of habeas corpus on the other two grounds.

We are quite agreed with the Fiscal of this court that on a petition for a lack of probable cause there is no necessity for the prosecution to make out a complete case for a conviction, but only that there is a probability or fair probability that the case may be submitted to the jury for its verdict.

Entering into the merits, we agree with the opinion of the court below, as follows:

"The affidavits introduced by the district attorney at the hearing of this habeas corpus proceeding, that is, the depositions of various witnesses taken before the district attorney and before the justice of the peace of Guánica at the preliminary inquest held by reason of the death of José González and the prisoner José Vega or José Valdés, a quarrel had taken place because of the disappearance of a bunch of bananas belonging to José Vega or Valdés, who charged, or

stated that José González or other persons had stolen from him said bunch of bananas; that on this account there had been some quarrels between them which culminated in a complaint filed by José Vega against José González and another complaint brought by José González against José Vega; that two days prior to the trial had in connection with these complaints in the Municipal Court of Yauco, José González was found dead in a ditch or canal; that there are witnesses who testified that on the night before the body was found they saw the prisoner José Vega going in the direction of the place where José González was, standing close to a wire fence by the side of the said canal, and saw the prisoner returning from that place; that José Vega himself told the witness Rafaela Vázquez that he had gone to bathe there in the canal, and in proof thereof he showed her something he held in his hand which he said was a piece or a cake of soap, and stated that he did not bathe because he saw José González there—that this was told by José Vega himself to the witness on the morning following the finding of the corpse.

"The foregoing evidence tends to show that José González and José Vega were enemies and did not speak to each other. There is another witness who testified that at the edge of the canal, from which the body of José González was taken, there was found a white soap which had been used and which was left there until the arrival of the authorities; and, further, there is the affidavit or sworn certificate of Dr. Dunscombe as to the results of the post-mortem examination made by him in the body of José González wherein the physician states that he found a bruise on the chin and several wounds in the lips and blood stains on the shirt of the victim and that the death was probably caused by a syncope followed by a fall in the water, immersion and asphyxia. In another deposition Dr. Dunscombe stated, in answer to hypothetical questions based on the result of the post-mortem examination on José González, that the wounds and bruises might have been caused by a blow with brass-knuckles, a club, a stone or the fist, and that such blow might have produced unconsciousness and caused the body to fall into the canal; and that a syncope, or rather a blow, might also have been produced when the victim fainted and his body hit the wall, the body thereafter falling into the water and being carried down-stream in the canal.

"Of course, all the above evidence is circumstantial; but the court is of opinion that the question as to whether the whole of this circumstantial evidence is compatible with the guilt of the accused or whether it might be compatible with any theory of innocence is to be determined on its merits by the trial jury. The court finds

that the evidence as a whole shows: a quarrel to have existed between these two persons; that petitioner was seen while going to and coming from the place where the dead body was found; statements from petitioner himself that he had gone to bathe and had found a piece of soap; and that later a piece of soap was found close to the place where the corpse lay—all this evidence is believed by the court to constitute probable and sufficient cause to warrant the district attorney in ordering the arrest of the prisoner. A discharge on the first ground alleged in the petition for habeas corpus herein does not lie.''

The judgment appealed from must be affirmed.